UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

BENOIT BALDWIN,
     Plaintiff,

     v.                               CIVIL ACTION NO. 19-11747-PBS

KYLE NEWELL,
     Defendant.

REPORT AND RECOMMENDATION ON
PLAINTIFF'S EX PARTE MOTION FOR ORDER OF
RETROSPECTIVE VALIDATION OF ALTERNATIVE SERVICE (#85.)

KELLEY, U.S.M.J.

I. Background.

The verified complaint in this case was filed on August 14, 2019, with the summonses issuing on the same date. (##1, 3.) Under the Federal Rules of Civil Procedure, service should have been effected by November 12, 2019. *See* Fed. R. Civ. P. 4(m) ("Time Limit for Service. If a defendant is not served within 90 days after the complaint is filed, the court – on motion or on its own after notice to the plaintiff – must dismiss the action without prejudice against that defendant or order that service be made within a specified time."). On November 8, 2019, plaintiff Benoit Baldwin filed a motion (#17) seeking a 60-day extension within which to serve those defendants not yet served, including defendant Kyle Newell; that motion was allowed. (#18.) With the extension of time, service was to be made by January 13, 2020. No return of service was ever filed regarding Mr. Newell.

On December 18, 2020, Judge Saris adopted a Report and Recommendation (#76) that the complaint against Kyle Newell be dismissed for failure to effect service within the time provided

by Fed. R. Civ. P. 4(m) and Local Rule 4.1(b). The dismissal was without prejudice. As part of his objection to the Report and Recommendation, plaintiff filed a so-called ex parte motion for an order of retrospective validation of alternative service. (#85.) The motion has been unsealed.

## II. The Motion.

By his motion, Mr. Baldwin seeks an order retroactively validating the service of the summons and verified complaint on Kyle Newell by means of uploading images of those documents to what plaintiff believes to be Mr. Newell's Facebook timeline.

According to plaintiff's affidavit supporting the motion, the Boulder County, Colorado, Sheriff's Office attempted to serve Mr. Newell at his last known work address on November 4, 2019. (#85 ¶¶ 1-2.) The attempt was unsuccessful because Mr. Newell no longer worked at that address. (#85 ¶ 2; #85-1 at 1.) Next, service was attempted by the Palm Beach County, Florida, Sheriff's Office at Mr. Newell's mother's house on January 8, 2020. (#85 ¶ 5; #85-1 at 2.) The attempt was unsuccessful, with Mr. Newell's mother advising the process server that her son did not live there. (#85-1 at 2.) Numerous unsuccessful attempts were made to serve Mr. Newell at what Mr. Baldwin believed to be his girlfriend's address in Boulder, Colorado, by the Boulder County Sheriff's Office. (#85 ¶ 12; #85-1 at 6.) A return of service dated February 5, 2020, documents those attempts. (#85-1 at 6.)

By January 13, 2020, plaintiff avers that he had verified the URL of Mr. Newell's Facebook page. Mr. Baldwin states:

> I noted that he had posted pictures of himself and his girlfriend (whom I had met in person) on this page, and although there are many other individuals named "Kyle Newell" on Facebook, whose pages I examined, only this profile appeared to be active with the information and photos I could identify, by personal knowledge, as being associated with the defendant by that name in this action.

(#85 ¶ 7.) After determining that the privacy setting on Mr. Newell's Facebook page was set to "Public," on January 13, 2020, plaintiff scanned the summons for Mr. Newell to a PDF file, and then converted it to a JPEG file. (#85 ¶¶ 8-9.) Similarly, he converted the PDF of the verified complaint to individual JPEG files for each page of the complaint. (#85 ¶ 9.)  The images were then uploaded by a Marie Baldwin to Mr. Newell's Facebook timeline under Mr. Baldwin's supervision. (#85 ¶ 9; #85-1 at 4.) Approximately one week later, the privacy setting on Mr. Newell's Facebook page was changed to "Private."  (#85 ¶ 11.)

### III. Discussion.

"Before a federal court may exercise personal jurisdiction over a defendant, the procedural requirement of service of summons must be satisfied." *Omni Capital Int'l, Ltd. v. Rudolf Wolff & Co.*, 484 U.S. 97, 104 (1987); *Christopher Brown v. Damon Dash & Poppington LLC*, No. CV 20-10980-FDS, 2020 WL 6806433, at *4 (D. Mass. Nov. 18, 2020). The federal rules provide that:

> [A]n individual . . . may be served in a judicial district of the United States by: (1) following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made; or (2) doing any of the following: (A) delivering a copy of the summons and of the complaint to the individual personally; (B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or (C) delivering a copy of each to an agent authorized by appointment or by law to receive service of process.

Fed. R. Civ. P. 4(e). Under the law of Massachusetts, the applicable state law, personal service within the Commonwealth is accomplished:

> [u]pon an individual by delivering a copy of the summons and of the complaint to him personally; or by leaving copies thereof at his last and usual place of abode; or by delivering a copy of the summons and of the complaint to an agent authorized by appointment or by statute to receive service of process, provided that any further notice required by such statute be given. If the person authorized to serve process makes return that after diligent search he can find neither the defendant, nor defendant's last and usual abode, nor any agent upon whom service may be made in compliance with this subsection, the court may on application of the plaintiff issue an order of notice in the manner and form prescribed by law.

Mass. R. Civ. P. 4(d). To effect personal service outside the Commonwealth, "service shall be made by delivering a copy of the summons and of the complaint: (1) in any appropriate manner prescribed in subdivision (d) of this Rule; or (2) in the manner prescribed by the law of the place in which the service is made for service in that place in an action in any of its courts of general jurisdiction . . . . " Mass. R. Civ. P. 4(e).

In this instance, Mr. Baldwin is claiming that, after a diligent search, process servers were unable to find Mr. Newell.[1] Plaintiff seeks the court's imprimatur to validate his purported alternative service via Facebook retroactively.[2] Although he cites no law[3] in support of his motion, presumably Mr. Baldwin is relying on the latter portion of Mass. R. Civ. P. 4(d) and Mass. R. Civ. P. 4(e)(1). Service by court order of notice is available "in certain limited circumstances[.]" *Alves v. Daly*, C.A. No. 12-10935-MLW, 2013 WL 1330010, at *3 (D. Mass. Mar. 29, 2013) (quoting Mass. R. Civ. P. 4(d)(1)); *see also Swenson v. Mobilityless, LLC*, No. CV 19-30168-KAR, 2020 WL 2404835, at *1-2 (D. Mass. May 12, 2020); *A2Z Dental LLC v. Miri Trading LLC*, 436 F. Supp.3d 430, 432 (D. Mass., 2020). "Plaintiffs must show that they have made 'sufficiently diligent' attempts to effect service in compliance with the rules before an order authorizing an alternative method of service is issued by the court." *Swenson,* 2020 WL 2404835, at *2 (quoting

---

[1] Plaintiff has provided no information concerning the manner of service prescribed by the laws of Colorado or Florida, the states in which attempts were made to serve Mr. Newell.

[2] The federal rules provide that service may be made by "[a]ny person who is at least 18 years old and not a party" in the case. Fed. R. Civ. P. 4(c)(2). While the purported proof of service via Facebook was executed by a Marie Baldwin (#85 ¶ 10; #85-1 at 5), there is nothing to show that this individual meets the age requirement.

[3] Plaintiff does cite Fed. R. Civ. P. 4(l)(3), but that rule does not apply in these circumstances. No proof of service was docketed with respect to Mr. Newell, so there is nothing to amend.

*Alves*, 2013 WL 1330010, at \*4) (describing the extent of plaintiff's attempts to effect service in compliance with the rules); *see also A2Z Dental*, 936 F. Supp.3d at 432 (same).

Plaintiff's motion comes nearly a year after service was to be have been made, and only after a recommendation issued that the case against Mr. Newell be dismissed for failure to effect service. The rules require that a plaintiff make an application to the court in which the diligent efforts made to serve a defendant are established, and, if the court accepts that showing, the court may issue an order authorizing alternative means of service, specifying the manner and form of that alternate means of service. Here, rather than applying to the court for assistance, Mr. Baldwin apparently concluded that his efforts to serve Mr. Newell had been sufficiently diligent, and then decided for himself the alternative method by which he would "serve" Mr. Newell. Having failed to follow the rules and make alternative service as prescribed by a court order of notice, plaintiff's plea for retroactive validation must be rejected.

## IV. Recommendation.

For the reasons stated, I RECOMMEND that Plaintiff's Ex Parte Motion for Order of Retrospective Validation of Alternative Service (#85) be DENIED.

## V. Review by District Judge.

The parties are hereby advised that any party who objects to this recommendation must file a specific written objection thereto with the Clerk of this Court within fourteen days of service of this Report and Recommendation. The written objections must specifically identify the portion of the recommendations, or report to which objection is made and the basis for such objections. The parties are further advised that the United States Court of Appeals for this Circuit has repeatedly indicated that failure to comply with Rule 72(b), Fed. R. Civ. P., shall preclude further appellate review. *See Keating v. Sec'y of Health & Human Servs.*, 848 F.2d 271 (1st Cir. 1988); *U.S. v.*

*Emiliano Valencia-Copete*, 792 F.2d 4 (1st Cir. 1986); *Scott v. Schweiker*, 702 F.2d 13, 14 (1st

Cir. 1983); *U.S. v. Vega*, 678 F.2d 376, 378–79 (1st Cir. 1982); *Park Manor Mart, Inc. v. Ford*

*Motor Co.*, 616 F.2d 603 (1st Cir. 1980); *see also Thomas v. Arn*, 474 U.S. 140 (1985).


January 25, 2021                                    /s/ M. Page Kelley
                                                    M. Page Kelley
                                                    Chief United States Magistrate Judge